

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Phillips v. Stickman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Phillips v. Stickman" (2008). *2008 Decisions.* Paper 309.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/309

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3540

———

ROBERT ANDREW PHILLIPS, IV,

<u>Appellant</u>

v.

WILLIAM S. STICKMAN; NICHOLAS R. RADOYCIS;
*GERALD J. PAPPERT
*Pursuant to F.R.A.P. 43(c)

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cv-186)
District Judge: Honorable David S. Cercone

———

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2008

Before: SLOVITER, GREENBERG, *Circuit Judges*,
and IRENAS,* *Senior District Judge*.

(Filed: October 30, 2008)

_____

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

OPINION

IRENAS, *Senior United States District Judge.*

Appellant Robert Andrew Phillips, IV, appeals the district court's denial of his petition for a writ of habeas corpus. The sole issue is whether the Commonwealth of Pennsylvania violated Appellant's constitutional rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence during his criminal trial. We will affirm.

## I.

We review the facts and procedural history only insofar as relevant to the issue before us. Appellant was tried in the Court of Common Pleas of Allegheny County on a series of charges associated with intentionally setting fire to a residential structure. Brian O'Toole appeared as a Government witness and testified that he observed Appellant outside of the burning home on the night in question. On cross-examination, O'Toole was impeached on the basis of (1) prior inconsistent statements and (2) his capacity to perceive the relevant events after consuming alcohol earlier in the night. Appellant was ultimately convicted of multiple offenses including first degree murder and arson.

On direct appeal, Appellant for the first time articulated his current theory that the Commonwealth violated *Brady* by withholding impeachment evidence relating to

O'Toole. Specifically, Appellant's Concise Statement of Matters Complained of on Appeal stated:

> The Commonwealth violated Defendant's constitutional right to a fair trial and it's [sic] continuing duty to disclose exculpatory evidence where the Commonwealth's eyewitness to this fire, Brian O'Toole, has since been charged with thirty-two (32) counts of arson shortly after the conclusion of this case where the Commonwealth must have been aware of the continuing investigation into this witness's involvement in arsons in the area in which this crime took place.

(App. at 94-95.) The O'Toole issue appeared intermittently in Appellant's subsequent filings in the Pennsylvania state courts, both on direct appeal and while seeking post-conviction relief pursuant to Pennsylvania statutes.[1] In district court action, the Commonwealth expressly conceded that Appellant had exhausted the O'Toole issue. (Appellee Br. at 33 n.9.)

## II.

The district court exercised jurisdiction under 28 U.S.C. § 2254. This Court has jurisdiction to review the District Court's order denying the petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 1291 and 2253. When the district court denies a petition without conducting a hearing, our review is plenary. *Fahy v. Horn*, 516 F.3d 169, 179 (3d Cir. 2008).

---

[1] Appellant's Brief to the Superior Court of Pennsylvania did not address the O'Toole issue. (App. at 130.) It is unclear whether O'Toole was mentioned in Appellant's Allowance of Appeal to the Supreme Court of Pennsylvania. (*See* Appellee Br. at 7-8.) The issue resurfaced when Appellant sought relief under Pennsylvania's Post-Conviction Relief Act. (*See* App. at 108.)

III.

It is uncertain whether Appellant properly exhausted the O'Toole issue in the state courts. Federal habeas review is generally only appropriate when the party seeking relief has exhausted his claim. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Exhaustion requires fair presentation of a claim "to the state courts 'by invoking one complete round of the State's established appellate review process.'" *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Here, Appellant's sporadic references to O'Toole in filings with the pertinent state tribunals leave us questioning whether he properly exhausted this issue.

However, it is unnecessary to resolve that question because the Commonwealth expressly conceded exhaustion in the district court. "[W]here a state fails to raise a nonexhaustion defense in the district court," we may address the merits of an unexhausted habeas claim in "the interests of justice . . . if it is clear the petitioner has failed to state a colorable federal claim . . . ." *Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir. 1998) (citing *Granberry v. Greer*, 481 U.S. 129, 136 (1987)). The instant case presents such a circumstance, and thus we proceed to the merits of Appellant's *Brady* claim.

We issued a certificate of appealability permitting Appellant to argue that the Commonwealth violated *Brady* by failing to disclose impeachment evidence pertaining to O'Toole's supposed involvement in thirty-two unrelated arson fires. There are three

4

components of a *Brady* violation: "the evidence at issue must be favorable to the defendant; it must be material; and it must have been suppressed by the prosecution." *United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008). This legal standard presupposes the existence of evidence to evaluate; in this case, Appellant has presented us with no such evidence.

Instead, Appellant's suggestion that O'Toole was a suspect in thirty-two unrelated arson fires is nothing more than a bald assertion unsupported in the record. Appellant has not directed us towards any verification that a spree of arson fires even existed, let alone demonstrated that O'Toole was suspected of igniting any such fires. Appellant has thus "failed to state a colorable federal claim" of a *Brady* violation.[2]

## IV.

For the reasons set forth above, the judgment of the United States District Court for the Western District of Pennsylvania denying Appellant's petition for a writ of habeas corpus will be affirmed.

---

[2] Notwithstanding the limited scope of the certified issue, Appellant dedicates much of his brief to seeking remand for further development of the record. Under Rule 6 of the Rules Governing Section 2254 Cases, "[a] district court sitting in a habeas case retains the discretion to permit additional discovery if the petitioner presents 'good cause' to do so. " *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (citing Rule 6(a)). As explained above, Appellant's allegations regarding O'Toole are entirely without support in the record. Hence, he cannot demonstrate the requisite "good cause" under Rule 6.